STOHR and others, Appellants, v. VILLAGE OF TWIN LAKES, Respondent.

*February 1—March 8, 1960.*

452

For the appellants there was a brief by *Lepp & Lepp* of Kenosha, and oral argument by *Burton Lepp*.

For the respondent there was a brief by *Moran, O'Brien & Richardson* of Delavan, and *Quarles, Herriott & Clemons,* attorneys, and *Maxwell H. Herriott* and *Laurence C. Hammond, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Hammond.*

FAIRCHILD, J. Plaintiffs' Exhibit 2, reproduced herewith, is a map of part of the village of Twin Lakes. The crosshatched areas are the lands of petitioners. At the left of Exhibit 2, and south of the railroad track, is an area which we will refer to as area 1. Area 2 is to the north of area 1, across the railroad track. Area 3 is the crosshatched area with irregular boundaries near the center of the exhibit. Area 4 is at the right. Area 1 contains more than 200 acres. Each of the other areas contains less than 200 acres. The railroad right of way, which separates area 1 from area 2, is owned in fee by the railroad, is used for railroad purposes, and is not included in the petition as land to be detached.

Sec. 61.74, Stats., provides:

"Land of an area of 200 acres or more contiguous to the boundary of any village which has been within the corporate limits of such village for twenty years or more and which during all of said time has been used exclusively for agricultural purposes may be detached from such village and annexed to an adjoining town or towns in a proceeding as provided by sec. 62.075 in the case of such detachments from cities. For the purpose of this section, the provisions of sec. 62.075 govern wherever applicable, except the word 'village' is substituted for the word 'city' as used therein."

This section was created by ch. 422, Laws of 1953. Sec. 62.075, Stats., referred to therein, had been in existence since 1949.

Sec. 62.075 (1), Stats., provides in part:

"*Procedure.* (1) When land used for agricultural purposes of an area of 200 acres or more contiguous to the boundary of any city, whether of one or more farms, which shall have been within the corporate limits of such city for twenty years or more, and during all of said time shall have been used exclusively for agricultural purposes, the circuit court of the county in which such land is situated shall enter judgment detaching such land from such city and annexing it to an adjoining town or towns, if the provisions of this section shall have been complied with."

Sub. (2) of sec. 62.075, Stats., entitled "Land eligible," prescribes further standards:

"No owner shall be eligible to sign a petition for the detachment of any such territory unless he be the owner of a parcel of land comprising at least 20 acres. No such land shall be detached from any city unless the remaining territory of said city shall be left reasonably compact and the boundaries thereof left substantially regular. No lands shall be eligible for detachment where any public improve-

ments have been extended to or installed for the benefit of such lands."

Sub. (3) of sec. 62.075, Stats., provides for service of notice of hearing upon the filing of a verified petition by "the owner or owners of all of the said lands of any such area." Subs. (4) and (5) provide further regulation of procedure in the circuit court.

Petitioners' proceeding· foundered in the circuit court because neither area 3 nor area 4 contains 200 acres and they are separated from each other, and from areas 1 and 2; because area 2 does not contain 200 acres, and is separated from area 1 by the railroad right of way; and because, although area 1 contains more than 200 acres, the detachment of area 1 alone would not leave the village territory reasonably compact, nor its boundaries substantially regular. The parties do not seem to disagree with the proposition last mentioned. In other words, if areas 2, 3, and 4 cannot be detached, the detachment of area 1 must fail because of the irregular boundary which would result.

Thus the principal question is whether two or more pieces of land, separated from each other by other land within the corporate limits, and not having an area of 200 acres if taken separately, but having a total area of 200 acres, or more, and otherwise meeting the standards required by the statute, may be detached.

In the opening phrase of sub. (1) of sec. 62.075, Stats., the phrase used is "land . . . of an area of 200 acres or more" and elsewhere in the section there are references to "such land," "such territory," "said lands of any such area," and "such area." The language does not clearly exclude the interpretation that petitioners might total the acreage in two or more separate areas, although the opposite interpre-

tation seems more natural. A portion of the prescribed form of notice does suggest that only a continuous area is contemplated. The notice prescribed in sub. (3) of sec. 62.075 contains the following: "That said petition prays for the detachment of the following area of land from the city of ———— . . . which area of land is described as follows: . . ."

Petitioners urge us to construe the statute liberally in favor of detachment, citing *Woodward Governor Co. v. Loves Park* (1948), 335 Ill. App. 528, 82 N. E. (2d) 387; *Van Bebber v. Scottville* (1957), 13 Ill. App. (2d) 458, 142 N. E. (2d) 711; *Hunter v. Tracy* (1908), 104 Minn. 378, 382, 116 N. W. 922, 923, 924; *In re Detachment of Unplatted Lands from Owatonna* (1931), 183 Minn. 164, 236 N. W. 195.

Our sec. 62.075, Stats., however, has had a legislative history which suggests that ambiguities are not to be construed in favor of detachment. The original sec. 62.075 was created by ch. 353, Laws of 1929. Sub. (1) of the present section is virtually identical with sub. (1) of the section as created in 1929, except that originally it authorized detachment only from cities of the fourth class. The procedure then prescribed, however, was somewhat different from the one now prescribed. The court proceeding could be started by a verified petition of the owners of "more than one half of such area." Notice was required to be given to all owners, as well as certain others, and "owners of land in such area, or owners of any interest therein, if opposed to said proceedings" were authorized to file objections. Thus, the owners of land within the area did not need to be unanimous in seeking detachment. The notice prescribed by former sub. (2) of sec. 62.075 is identical with the notice now prescribed by sub. (3).

The original sec. 62.075, Stats., was held unconstitutional in *Christoph v. Chilton* (1931), 205 Wis. 418, 237 N. W. 134, because its authorization was restricted to lands in cities of the fourth class.

The present section was created by ch. 315, Laws of 1949. The bill originally introduced, No. 308, A., was identical to sec. 62.075, Stats., as created in 1929, except that it was not limited to fourth-class cities. An amendment was offered, excluding any parcel containing five acres, or less, and also requiring petitions by the owners of more than 75 per cent of the area. A substitute amendment, however, was adopted in the assembly, and was enacted. The present section is substantially in the same form. The minimum size of a parcel owned by any petitioner was placed at 20 acres, and the owners of all the lands were required to join in the petition before a proceeding could be initiated. Where the former statute provided for objections by owners of land "in such area," objections are now authorized by owners of land "in such vicinity."

In the 1959 session of the legislature, Bill No. 92, A., was introduced. This bill would have amended secs. 61.74 and 62.075, Stats., so as to state expressly that the farms included in a proposed detachment need not be contiguous to each other. The amendment further provided that the determination as to compactness and regularity of boundaries after the detachment should be made without regard to the existence of railroad rights of way, public-utility easements, and highways. After hearing, the committee on municipalities recommended the adoption of substitute amendment No. 1, A. The substitute amendment would have amended secs. 61.74 and 62.075(1) so as to reduce the minimum acreage of land in a proposed detachment pro-

ceeding from 200 acres to 60 acres. The substitute amendment contained a similar provision for the disregard of the existence of railroad rights of way, public-utility easements, and highways. The substitute amendment was adopted, but the assembly refused to order it engrossed and read a third time.

In the light of the legislative history, we conclude that in 1929, sec. 62.075, Stats., provided for a detachment of a continuous area containing 200 acres, or more, and meeting the other requirements of the section at that time. Lands owned by people either opposed to detachment, or disinterested in it might be included in the area if enough others joined in the petition. In 1949, however, the legislature was willing to authorize detachment only upon a more-restricted basis than had been previously provided. All owners must join in the petition, and each owner must own a parcel of at least 20 acres. None of the changes incorporated into the 1949 statute suggests a liberalization of earlier requirements. In addition, the assembly in 1959 declined to pass a measure expressly liberalizing the acreage requirements in a manner which would have permitted the success of the instant detachment proceeding.

Because some of the statutory language suggests that a detachment must consist of a continuous area of 200 acres or more, and because of the legislative history above reviewed, we conclude that the circuit court correctly construed the statute.

Petitioners urge that areas 1 and 2 taken together met the requirements and should be detached. We see no basis under the present statute for distinguishing the case of two areas separated only by a railroad right of way from the case of two areas more widely separated. Furthermore, detachment of areas 1 and 2 would leave the long,

narrow strip of right of way within the corporate limits of the village. This seems to us to violate the requirement that detachment leave the village reasonably compact, and the boundaries substantially regular.

*By the Court.*—Judgment affirmed.

BROADFOOT, J., dissents.